2014 JUL 28 AM 9: 12

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

KNOCK OUT, INC., d/b/a STAR MART, )
                                  )
             Appellant,          )
                                    )
         v.                       )
                                    )
STATE OF WASHINGTON LIQUOR )
CONTROL BOARD, )
                                    )
           Respondent.      )
                                    )

No. 72035-0-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: July 28, 2014

APPELWICK, J. — The issue on appeal is whether chapter 70.155 RCW authorizes the Washington State Liquor Control Board to use minors in tobacco compliance checks. We hold that it does. We affirm.

## FACTS

Knock Out, Inc., doing business as Star Mart, holds a license to sell tobacco products in Clark County, Washington. Star Mart is a convenience store in Vancouver, Washington.

On February 3, 2010, Long Vue, a health educator with Clark County Public Health, conducted a tobacco compliance check at Star Mart with Jenna Nelmark, a minor investigative aide or "youth operative." The compliance check was part of a Youth Access Program funded by the Washington State Department of Health.

Under Vue's direction, Nelmark entered Star Mart and asked to purchase a pack of cigarettes from the cashier. Nelmark presented her identification upon the cashier's

request. It showed that she was 17 years old at the time. Individuals must be 18 years old to purchase tobacco in Washington. RCW 26.28.080(1). The cashier sold Nelmark cigarettes anyway. The cashier later admitted to selling Nelmark a pack of cigarettes.

Clark County Public Health forwarded the evidence to the Washington State Liquor Control Board (the Board). The Board issued an administrative violation notice to Knock Out for selling tobacco to a minor, contrary to RCW 26.28.080 and subject to penalties in RCW 70.155.100(3) and (4). This was Knock Out's third violation for selling tobacco to a minor within a two year period.

Knock Out requested an administrative hearing to contest the violation. The Office of Administrative Hearings conducted a hearing on January 25, 2011. On February 4, 2011, the administrative law judge issued an initial order sustaining the citation, but reducing the original penalty from a six month tobacco license suspension and $1000 fine to a three month suspension and $500 fine. The State petitioned for review of this initial order. On May 24, 2011, the Board entered a final order reinstating the original six month license suspension and $1000 fine.

Knock Out petitioned for review of the Board's final order in superior court. Knock Out argued that using a minor investigative aide in the tobacco compliance check was unlawful and all evidence obtained must be suppressed. The superior court entered a memorandum of decision on April 29, 2013 upholding the Board's final order. The court concluded that Knock Out "did not meet its burden of proving the invalidity of the Board's action and of being substantially prejudiced by the [B]oard's findings." The court further

held that the Board's final order was properly founded in the law and the record. Knock Out appeals.

## DISCUSSION

Knock Out asserts that the Board's use of minors in tobacco compliance checks is unlawful, because it is not authorized by statute or the rules and regulations adopted by the Board. Specifically, Knock Out states:

> [The Board's Education & Enforcement Division (Enforcement)] must conduct itself in compliance with the statutes contained in Title 66 and the regulations, rules and policies adopted by the Board pursuant to that Title. Appellant does not contend that Enforcement lacks the authority to use minors in controlled purchase compliance checks, only that any such compliance checks must be authorized by and conducted according to rules adopted by the Board. The compliance check involving Appellant was not conducted according to any statutes contained in Title 66 or rules adopted by the Board thereunder and was, therefore, unlawful.

Knock Out further argues that the compliance check was quasi-criminal in nature, so the exclusionary rule applies and the unlawfully obtained evidence must be suppressed.

Under the Administrative Procedure Act, chapter 34.05 RCW, Knock Out bears the burden of demonstrating the invalidity of the agency action. RCW 34.05.570(1)(a). We sit in the same position as the superior court and review the record before the agency, not the record before the superior court. Dodge City Saloon, Inc. v. Wash. State Liquor Control Bd., 168 Wn. App. 388, 395, 288 P.3d 343, review denied, 176 Wn.2d 1009, 290 P.3d 994 (2012). Because Knock Out does not challenge the agency's findings, they are verities on appeal. Id. We review conclusions of law de novo. Id. In de novo review of an agency decision, we may reverse only if (1) the agency's final order, or the statute or rule on which the order is based, violates constitutional provisions on its face or as

3

applied; (2) the agency erroneously interpreted or applied the law; or (3) the agency's order is arbitrary and capricious. Id.; RCW 34.05.570(3)(a), (d), (i).

Title 66 RCW is the Washington State Liquor Act. It was adopted to regulate intoxicating liquors. LAWS OF 1933, Ex. Sess., ch. 62; Wash. Ass'n for Substance Abuse & Violence Prevention v. State, 174 Wn.2d 642, 647, 278 P.3d 632 (2012). The Liquor Act created the Washington State Liquor Control Board. RCW 66.08.012. The Board is vested with administration of the Act and "may adopt appropriate rules . . . for the purpose of carrying out" the Act. RCW 66.08.020, .0501.

By contrast, chapter 70.155 RCW restricts the sale of tobacco to minors under age 18. LAWS OF 1993, ch. 507; RCW 70.155.005, .010. The legislature found that "while present state law prohibits the sale and distribution of tobacco to minors, youth obtain tobacco products with ease. Availability and lack of enforcement put tobacco products in the hands of youth." RCW 70.155.005. Thus, the purpose of the chapter is "to effectively reduce the sale, distribution, and availability of tobacco products to minors." Id.

RCW 70.155.110 expressly authorizes the Board to enforce the provisions of the chapter. Specifically, the Board and its "authorized agents or employees shall have full power and authority to enter any place of business where tobacco products are sold for the purpose of enforcing the provisions of this chapter." RCW 70.155.110(2). The statute permits the Board to work with county health departments "to conduct random, unannounced, inspections to assure compliance." RCW 70.155.110(4). The Board may then impose monetary fines and suspend a retailer's tobacco license for selling tobacco to minors. RCW 70.155.100, .110.

RCW 70.155.080(1) makes it a civil infraction for minors to purchase, possess, or obtain cigarettes or tobacco. However, "[t]his provision does not apply if a person under the age of eighteen, with parental authorization, is participating in a controlled purchase as part of a liquor control board, law enforcement, or local health department activity." RCW 70.155.080(1).

Title 66 RCW and chapter 70.155 RCW are distinct statutory schemes with distinct purposes. Chapter 70.155 RCW nowhere requires the Board to promulgate rules before administering the provisions of the chapter. Rather, RCW 70.155.110 grants the Board plenary power to enforce the chapter. Knock Out is correct that chapter 70.155 RCW does not explicitly state that the Board may use minors to conduct tobacco compliance checks. This authority is nevertheless clear from reading the statute as a whole. RCW 70.155.080(1) expressly contemplates the use of minors "in a controlled purchase as part of a liquor control board . . . or local health department activity." RCW 70.155.110 authorizes the Board to work with local county health departments and enter businesses where tobacco is sold to conduct unannounced compliance checks. Reading these provisions together demonstrates that the Board may use minor investigative aides in tobacco compliance checks. To read the chapter as Knock Out suggests would contravene the plain language and purpose of the chapter.

We hold that Clark County Public Health's use of a minor investigative aide in the tobacco compliance check here was lawful and authorized by chapter 70.155 RCW.

Because the compliance check was lawful, no evidence needed to be suppressed.[1] As such, the agency's final order does not require reversal.

We affirm.

WE CONCUR:

---

[1] Regardless, tobacco compliance checks are neither searches nor quasi-criminal in nature. See, e.g., Jow Sin Quan v. Wash. State Liquor Control Bd., 69 Wn.2d 373, 382, 418 P. 2d 424 (1966) (holding that the Board's suspension of a liquor license is not a criminal proceeding); Dodge City Saloon, 168 Wn. App. at 392-93, 398-99 (holding that the Board's use of a minor investigative aide in a liquor compliance check did not constitute a search under the Fourth Amendment).